JS 44 (Rev. 06/17)

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. *(SEE INSTRUCTIONS ON NEXT PAGE OF THIS FORM.)*

## I. (a) PLAINTIFFS

GRACE GERNHART and
RONALD GERNHART JR

**(b)** County of Residence of First Listed Plaintiff: Bucks
*(EXCEPT IN U.S. PLAINTIFF CASES)*

**(c)** Attorneys *(Firm Name, Address, and Telephone Number)*
Thomas Masciocchi, Esquire- Keaveney Legal Group
1650 Market Street, Suite 3600- Philadelphia PA 19103
Tel. (800) 219-0931

## DEFENDANTS

SPECIALIZED LOAN SERVICING LLC
a/k/a SLS MORTGAGE

County of Residence of First Listed Defendant: ____
*(IN U.S. PLAINTIFF CASES ONLY)*

NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED.

Attorneys *(If Known)*
Daniel McKenna, Esq. and Marissa Edwards, Esq.
1735 Market Street, 51st Floor, Phila, PA 19146
(215) 864-8164

## II. BASIS OF JURISDICTION *(Place an "X" in One Box Only)*

- ☐ 1 U.S. Government Plaintiff
- ☒ 3 Federal Question *(U.S. Government Not a Party)*
- ☐ 2 U.S. Government Defendant
- ☐ 4 Diversity *(Indicate Citizenship of Parties in Item III)*

## III. CITIZENSHIP OF PRINCIPAL PARTIES *(Place an "X" in One Box for Plaintiff and One Box for Defendant)*

*(For Diversity Cases Only)*

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☒ 1 | ☐ 1 | Incorporated *or* Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated *and* Principal Place of Business In Another State | ☐ 5 | ☒ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. NATURE OF SUIT *(Place an "X" in One Box Only)*

Click here for: Nature of Suit Code Descriptions.

**CONTRACT**
- ☐ 110 Insurance
- ☐ 120 Marine
- ☐ 130 Miller Act
- ☐ 140 Negotiable Instrument
- ☐ 150 Recovery of Overpayment & Enforcement of Judgment
- ☐ 151 Medicare Act
- ☐ 152 Recovery of Defaulted Student Loans (Excludes Veterans)
- ☐ 153 Recovery of Overpayment of Veteran's Benefits
- ☐ 160 Stockholders' Suits
- ☐ 190 Other Contract
- ☐ 195 Contract Product Liability
- ☐ 196 Franchise

**REAL PROPERTY**
- ☐ 210 Land Condemnation
- ☐ 220 Foreclosure
- ☐ 230 Rent Lease & Ejectment
- ☐ 240 Torts to Land
- ☐ 245 Tort Product Liability
- ☐ 290 All Other Real Property

**TORTS**

PERSONAL INJURY
- ☐ 310 Airplane
- ☐ 315 Airplane Product Liability
- ☐ 320 Assault, Libel & Slander
- ☐ 330 Federal Employers' Liability
- ☐ 340 Marine
- ☐ 345 Marine Product Liability
- ☐ 350 Motor Vehicle
- ☐ 355 Motor Vehicle Product Liability
- ☐ 360 Other Personal Injury
- ☐ 362 Personal Injury - Medical Malpractice

PERSONAL INJURY
- ☐ 365 Personal Injury - Product Liability
- ☐ 367 Health Care/ Pharmaceutical Personal Injury Product Liability
- ☐ 368 Asbestos Personal Injury Product Liability

PERSONAL PROPERTY
- ☐ 370 Other Fraud
- ☐ 371 Truth in Lending
- ☐ 380 Other Personal Property Damage
- ☐ 385 Property Damage Product Liability

**CIVIL RIGHTS**
- ☐ 440 Other Civil Rights
- ☐ 441 Voting
- ☐ 442 Employment
- ☐ 443 Housing/ Accommodations
- ☐ 445 Amer. w/Disabilities - Employment
- ☐ 446 Amer. w/Disabilities - Other
- ☐ 448 Education

**PRISONER PETITIONS**

Habeas Corpus:
- ☐ 463 Alien Detainee
- ☐ 510 Motions to Vacate Sentence
- ☐ 530 General
- ☐ 535 Death Penalty

Other:
- ☐ 540 Mandamus & Other
- ☐ 550 Civil Rights
- ☐ 555 Prison Condition
- ☐ 560 Civil Detainee - Conditions of Confinement

**FORFEITURE/PENALTY**
- ☐ 625 Drug Related Seizure of Property 21 USC 881
- ☐ 690 Other

**LABOR**
- ☐ 710 Fair Labor Standards Act
- ☐ 720 Labor/Management Relations
- ☐ 740 Railway Labor Act
- ☐ 751 Family and Medical Leave Act
- ☐ 790 Other Labor Litigation
- ☐ 791 Employee Retirement Income Security Act

**IMMIGRATION**
- ☐ 462 Naturalization Application
- ☐ 465 Other Immigration Actions

**BANKRUPTCY**
- ☐ 422 Appeal 28 USC 158
- ☐ 423 Withdrawal 28 USC 157

**PROPERTY RIGHTS**
- ☐ 820 Copyrights
- ☐ 830 Patent
- ☐ 835 Patent - Abbreviated New Drug Application
- ☐ 840 Trademark

**SOCIAL SECURITY**
- ☐ 861 HIA (1395ff)
- ☐ 862 Black Lung (923)
- ☐ 863 DIWC/DIWW (405(g))
- ☐ 864 SSID Title XVI
- ☐ 865 RSI (405(g))

**FEDERAL TAX SUITS**
- ☐ 870 Taxes (U.S. Plaintiff or Defendant)
- ☐ 871 IRS—Third Party 26 USC 7609

**OTHER STATUTES**
- ☐ 375 False Claims Act
- ☐ 376 Qui Tam (31 USC 3729(a))
- ☐ 400 State Reapportionment
- ☐ 410 Antitrust
- ☐ 430 Banks and Banking
- ☐ 450 Commerce
- ☐ 460 Deportation
- ☐ 470 Racketeer Influenced and Corrupt Organizations
- ☒ 480 Consumer Credit
- ☐ 490 Cable/Sat TV
- ☐ 850 Securities/Commodities/ Exchange
- ☐ 890 Other Statutory Actions
- ☐ 891 Agricultural Acts
- ☐ 893 Environmental Matters
- ☐ 895 Freedom of Information Act
- ☐ 896 Arbitration
- ☐ 899 Administrative Procedure Act/Review or Appeal of Agency Decision
- ☐ 950 Constitutionality of State Statutes

## V. ORIGIN *(Place an "X" in One Box Only)*

- ☐ 1 Original Proceeding
- ☒ 2 Removed from State Court
- ☐ 3 Remanded from Appellate Court
- ☐ 4 Reinstated or Reopened
- ☐ 5 Transferred from Another District *(specify)*
- ☐ 6 Multidistrict Litigation - Transfer
- ☐ 8 Multidistrict Litigation - Direct File

## VI. CAUSE OF ACTION

Cite the U.S. Civil Statute under which you are filing ***(Do not cite jurisdictional statutes unless diversity)***:
Truth-in-Lending Act ("TILA"), 15 U.S.C. § 1601 et. seq., among others.

Brief description of cause:
Plaintiffs allege violations of TILA and other federal statutes by defendant during the serving of Plaintiffs' loan.

## VII. REQUESTED IN COMPLAINT:

☐ CHECK IF THIS IS A CLASS ACTION UNDER RULE 23, F.R.Cv.P.

**DEMAND $**

CHECK YES only if demanded in complaint:
**JURY DEMAND:** ☒ Yes ☐ No

## VIII. RELATED CASE(S) IF ANY

*(See instructions):* JUDGE ____ DOCKET NUMBER ____

DATE: 6-1-2018

SIGNATURE OF ATTORNEY OF RECORD: M Edwards

**FOR OFFICE USE ONLY**

RECEIPT # ____ AMOUNT ____ APPLYING IFP ____ JUDGE ____ MAG. JUDGE ____

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| GRACE GERNHART and RONALD GERNHART JR., | : | CIVIL ACTION: |
| Plaintiffs, | : | No. |
| v. | : | |
| SPECIALIZED LOAN SERVICING LLC a/k/a SLS MORTGAGE | : | |
| Defendant. | : | |

**NOTICE OF REMOVAL**

Pursuant to 28 U.S.C. §§ 1331. § 1332, and 1441, defendant Specialized Loan Servicing LLC a/k/a SLS Mortgage ("SLS") by its undersigned counsel, hereby files this Notice of Removal of the above-captioned action from the Pennsylvania Court of Common Pleas for Bucks County to the United States District Court for the Eastern District of Pennsylvania. In support of this Notice, SLS avers as follows:

## I. BACKGROUND

1. On or about November 9, 2017, plaintiffs Grace Gernhart and Ronald Gernhart, Jr. ("Plaintiffs") filed an action titled *Grace Gernhart and Ronald Gernhart Jr. v. Specialzied Loan Servicing LLC a/k/a SLS Mortgage* in the Court of Common Pleas for Bucks County which was docketed at Case No.: 2017-07239-0. A true and correct copy of the complaint (the "Complaint"), representing all pleadings filed in the State Court are attached hereto as Exhibit A.

2. In the Complaint, Plaintiffs allege that SLS engaged in unconscionable commercial practices, deception, fraud and/or misrepresentations regarding the servicing of their loan. Specifically, Plaintiffs claim that SLS wrongly "alleg[ed] that Plaintiffs were in default and/or otherwise delinquent on his [sic] debt, *see* Compl. at ¶ 2B, and, somehow simultaneously,

that SLS is also liable because it failed to notify Plaintiffs that they were in default thereby "deceiving the Plaintiffs that their loan was current and in good standing". *Id.* at 2F

3. Based on these allegations, Plaintiffs assert the following claims against SLS: (1) Common Law Fraud; (2a) violation of the Truth in Lending Act ("TILA"), 15 U.S.C. § 1601, *et seq*.; (2b) violation of the Real Estate Settlement Procedures Act ("RESPA"), 12 U.S.C. 2601, *et seq*.[1]; (3) violation of the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1601, *et seq*.; (4) violation of the Pennsylvania Unfair Trade Practices and Consumer Protection Law ("UTPCPL"), 73 P.S. 201-1, *et seq*.; (5) Breach of Contract; and (6) Defamation.

## II. <u>BASIS FOR REMOVAL JURISDICTION</u>

### A. Federal Question Jurisdiction

4. This Court has original jurisdiction over this matter pursuant to 28 U.S.C. § 1331 because Plaintiffs' claims are founded on a claim or right arising under the laws of the United States.

5. Under 28 U.S.C. § 1331, removal is appropriate if the district court has original jurisdiction founded on a claim or right arising under the laws of the United States and the action shall be removable without regard to the citizenship or residence of the parties.

6. As noted above, Plaintiffs allege that SLS violated three federal laws: TILA, RESPA, and the FDCPA. *See* Compl. at Count II and Count III.

7. This Court has jurisdiction over all claims brought under these federal statutes and as such, federal question jurisdiction exists under 28 U.S.C. § 1331.

8. Accordingly, this action is one over which this District Court has subject matter jurisdiction over the entire case pursuant to 28 U.S.C. § 1331.

---

[1] Plaintiffs assert both their TILA and RESPA claim in "Count Two" of their Complaint.

**B. Diversity Jurisdiction**

9. This Court also has original jurisdiction over this matter pursuant to 28 U.S.C. § 1332, which provides that federal district courts shall have original jurisdiction where: (1) there is complete diversity between the parties, 28 U.S.C. § 1332(a)(1)-(4), and (2) the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs. 28 U.S.C. § 1332(a).

1. There is Complete Diversity of Citizenship as Between Plaintiffs and SLS.

10. Plaintiffs allege that they are individuals residing at 43 Petunia Rd., Levittown PA 19056. *See* Compl. at ¶ 1A. Plaintiffs, therefore, are citizens of the Commonwealth of Pennsylvania. *See Zambelli Fireworks Mfg. Co. v. Wood*, 592 F.3d 412, 419 (3d Cir. 2010) ("A natural person is deemed to be a citizen of the state where he is domiciled.").

11. SLS is a limited liability company formed under the laws of the State of Delaware, and has its principal place of business within the State of Colorado. The sole member of SLS is Specialized Loan Servicing Holdings LLC, which in turn is a wholly owned subsidiary of Computershare Limited.

12. Computershare Limited is a foreign corporation formed under the laws of the nation of Australia and has its principal place of business within the nation of Australia. As a result, SLS is deemed to be a citizen of the nation of Australia. *See* 28 U.S.C. § 1332(c)(1); *see also Zambelli*, 592 F.3d at 420 ("every federal court of appeals to address the question has concluded that a limited liability company, as an unincorporated business entity, should be treated as a partnership for purposes of establishing citizenship. . . . Accordingly, the citizenship of an LLC is determined by the citizenship of its members."); *Cosgrove v. Bartolotta*, 150 F.3d

729, 731 (7th Cir. 1998) ("the citizenship of an LLC for purposes of the diversity jurisdiction is the citizenship of its members.").

13. Thus, as set forth above, there is complete diversity of citizenship as between Plaintiffs and SLS, because Plaintiffs are citizens of the Commonwealth of Pennsylvania and SLS is not. *See Zambelli Fireworks*, 592 F.3d at 419.

2. The Amount in Controversy is Satisfied

14. The amount in controversy requirement is satisfied based on a reasonable reading of the allegations in Plaintiffs' Complaint. *See Angus v. Shiley Inc.*, 989 F.2d 142, 146 (3d Cir. 1993) (amount in controversy should be determined from "a reasonable reading of the value of the rights being litigated" as alleged in the complaint).

15. Here, plaintiffs explicitly state that the amount in controversy is "more than $50,000". *See* Exhibit A at Civil Cover Sheet".

16. Moreover, Plaintiffs' Complaint seeks punitive damages, treble damages, and costs and "all other relief" that the Court deems appropriate. *See* Complaint at *ad damnum* clauses. The value of each must be considered for the purposes of removal. *See Suber v. Chrysler Corp.*, 104 F.3d 578, 585 (3d Cir. 1997) (finding that when calculating the amount in controversy it is appropriate for a court to consider an unspecified award of treble, punitive damages, or statutory damages when a plaintiff can recover such damages under a specific statue); *see also Id.* at 585 ("attorney's fees are necessarily part of the amount in controversy if such fees are available to successful plaintiffs under the statutory cause of action").

17. For example, here, Plaintiffs asserts a claim under the UTPCPL which permits recovery of statutory and treble damages and therefore the Court should consider these damages when determining the amount in controversy.

18. Additionally, Plaintiffs seek recovery of attorney's fees, which must also be considered for purposes of removal. *See Suber*, 104 F.3d at 585 ("attorney's fees are necessarily part of the amount in controversy if such fees are available to successful plaintiffs under the statutory cause of action").

19. Accordingly, based on a reasonable reading of the Complaint, it is clear that Plaintiffs demand for damages in total exceeds $75,000.00, and that the amount in controversy has been satisfied for purposes of diversity jurisdiction.

## III. VENUE

20. Under 28 U.S.C. § 1441(a), the United States District Court for the Eastern District of Pennsylvania is the proper venue for removal of jurisdiction because it embraces the place where this action is pending.

## IV. TIMELINESS OF REMOVAL

21. SLS received a copy of the Complaint on May 4, 2018. Accordingly, this Notice is timely because it has been filed within the thirty day period prescribed by 28 U.S.C. § 1446(b).

## V. PROCEDURAL REQUIREMENTS AND LOCAL RULES

22. SLS has not answered, moved, or otherwise responded to the Complaint.

23. The documents attached hereto as Exhibit A constitute all of the process, pleadings, and orders received by SLS to date.

24. The Notice of Removal is signed pursuant to Fed. R. Civ. P. 11. *See* 28 U.S.C. § 1446(a).

25. SLS is the only defendant and therefore all defendants consent to this removal.

26. Written notice of the filing of this notice of removal is being forwarded to counsel of record for Plaintiffs, as well as to the Prothonotary of the Court for the Pennsylvania Court of

Common Pleas, Bucks County, pursuant to 28 U.S.C. § 1446(d). A true and correct copy of the Notice of Filing of Notice of Removal (without exhibits) is attached hereto as Exhibit B.

27. By filing this notice of removal, SLS does not waive any defense that may be available to it, including, but not limited to, the right to contest *in personam* jurisdiction, incomplete process, improper service of process, arbitration, and/or improper venue, in this Court or in the court from which this action has been removed.

28. Based upon the foregoing, this Court has jurisdiction pursuant to 28 U.S.C. §1331 and 28 U.S.C. 1332, and this matter may be removed to this Court under 28 U.S.C. § 1441.

WHEREFORE, Defendant Specialized Loan Servicing LLC, hereby removes the above-captioned action now pending in the Pennsylvania Court of Common Pleas for Bucks County to the United States District Court for the Eastern District of Pennsylvania.

Dated: June 1, 2018

Respectfully submitted,

MEdwards

Daniel JT McKenna, Esq.
mckennad@ballardspahr.com
Marissa Edwards, Esq.
edwardsm@ballardspahr.com
BALLARD SPAHR LLP
1735 Market Street, 51st Floor
Philadelphia, PA 19103-7599
T: 215.864-8164
F: 215.864.8999
*Attorneys for Defendant,*
*Specialized Loan Servicing*

**CERTIFICATE OF SERVICE**

I hereby certify that on June 1, 2018, I caused copies of the foregoing Notice of Removal to be served by first class mail, postage prepaid, upon the following:

Thomas G. Masciocchi, Esq.
Keaveney Legal Group, LLC
1650 Market Street, Suite 3600
Philadelphia, PA 19103

*Attorneys for Plaintiff*

MEdwards
Marissa Edwards

EXHIBIT A



COURT OF COMMON PLEAS OF BUCKS COUNTY, PENNSYLVANIA

GRACE GERNHART

vs.

SPECIALIZED LOAN SERVICING LLC A/K/A

NO. 2017-07239

Case# 2017-07239-0 - JUDGE:35 Received at County of Bucks Prothonotary Office on 11/09/2017 11:28 AM, Fee = $250.25

## CIVIL COVER SHEET

State Rule 205.5 requires this form be attached to any document commencing an action in the Bucks County Court of Common Pleas. The information provided herein is used solely as an aid in tracking cases in the court system. This form does not supplement or replace the filing and service of pleadings or other papers as required by law or rules of court.

Name of Plaintiff/Appellant's Attorney: Thomas G. Masciocchi, Esq., ID: 43755

Self-Represented (Pro Se) Litigant [ ]

**Class Action Suit** [ ] Yes [X] No

**MDJ Appeal** [ ] Yes [X] No

**Money Damages Requested** [X]

**Commencement of Action:**

Complaint

**Amount in Controversy:**

More than $50,000

### Case Type and Code

Miscellaneous:

Other

**Other:** TILA/RESPA

Case# 2017-07239-0 - JUDGE:35 Received at County of Bucks Prothonotary Office on 11/09/2017 11:28 AM, Fee = $250.25

**KEAVENEY LEGAL GROUP, LLC**
Thomas Masciocchi Esq. Pa. Bar ID 043755
1650 Market Street, Suite 3600
Philadelphia, PA 19103
Telephone: (800) 219-0931
Attorney for Plaintiffs ***Grace Gernhart and Ronald Gernhart Jr.***

| | | |
|---|---|---|
| GRACE GERNHART and RONALD GERNHART JR., | ) ) | COURT OF COMMON PLEAS COMMONWEALTH OF PA |
| Plaintiffs, | ) ) | CIVIL BUCKS COUNTY |
| v. | ) | CASE NO |
| | ) | **COMPLAINT and** |
| SPECIALIZED LOAN SERVICING LLC a/k/a SLS MORTGAGE | ) | **JURY DEMAND** |
| Defendant | ) ) | |

Plaintiffs sue Defendant and by Complaint state:

1. **Parties**

A. Plaintiffs are of majority age residing at 43 Petunia Rd., Levittown PA 19056, (hereafter the "Property").

B. Defendant Specialized Loan Servicing LLC, a/k/a SLS Mortgage, is and was, at all material times hereto, a foreign corporation whose corporate domicile and alleged authority to do business in Pennsylvania is unknown, but with its principle place of business located at 8742 Lucent Boulevard, Suite 300, Highlands Ranch, CO 80129.

Case# 2017-07239-0 - JUDGE:35 Received at County of Bucks Prothonotary Office on 11/09/2017 11:28 AM, Fee = $250.25

2. **Background Material Facts**

A. On or about July 7, 2014 and for a substantial period of time prior thereto, up to present, the Defendant was claiming to be the owner and/or servicer of a Note alleged to have been executed by the Plaintiffs and secured by a Mortgage on the Property.

B. At all times relevant and material hereto the Plaintiffs did timely pay monthly on the aforesaid note/mortgage as required and agreed, which payments included requested sums for reimbursement of taxes and/or insurance payments and/or other costs as advanced by the Defendant.

C. At all times relevant and material hereto the Plaintiffs did make said monthly payments timely.

D. Alternatively, any discrepancies in the timeliness or amount of said monthly payments were immediately corrected by the Plaintiffs and acknowledged as having been so corrected by the Defendant.

E. At all times relevant and material hereto it was the duty of the Defendant to properly service the note/mortgage account of the Plaintiffs, which included the proper application of payments, the calculation and sending of correct billings statements, the proper adjustment of any escrow or suspense accounts, the immediate and proper adjustment of any disputes or errors, and the timely response to any inquires.

F. Despite said duty the Defendant has continued to claim that the Plaintiffs are in default and/or delinquent in their monthly payment obligations and since October 15, 2015 to present have forwarded numerous Act 6 / Act 91 Notices to the Plaintiffs which threatened foreclosure.

Case# 2017-07239-0 - JUDGE:35 Received at County of Bucks Prothonotary Office on 11/09/2017 11:28 AM, Fee = $250.25

G. The Plaintiffs have made numerous attempts to demonstrate that they are not delinquent, but to date the claims of delinquency and threats of default continue.

H. The Plaintiffs have submitted numerous inquiries and requests for information and demonstrations of delinquencies of any kind, but to date the same have not been provided as required by law.

I. The Defendant has injured the Plaintiffs with derogatory comments against their credit and threats of foreclosure which have cause significant anxiety, stress, humiliation and fear.

J. Despite the continuing attempts of the Plaintiffs to rectify this situation, they have either been ignored, given false promises of rectification, and supplied contradictory and blatantly untrue explanations.

K. As a direct and proximate result of the conduct of all Defendant's conduct as hereinbefore and herein after set forth, the Plaintiffs did suffer severe and permanent financial and emotional damages and losses.

## COUNT ONE

### Common Law Fraud, Deceptive Practices

1. Plaintiffs hereby incorporate by reference all preceding paragraphs as if set forth at length herein.

2. Defendant, through its agents, servants and employees, has engaged in unconscionable commercial practices, deception, fraud, false pretense, false promise and/or misrepresentations with regard to the servicing of the subject loan, specifically but not by way of limitation:

Case# 2017-07239-0 - JUDGE:35 Received at County of Bucks Prothonotary Office on 11/09/2017 11:28 AM, Fee = $250.25

a. Failed to properly credit the account of the Plaintiff for payments timely and duly made in accordance with the terms of the debt instrument;

b. Alleging that Plaintiffs were in default and/or otherwise delinquent on his debt, when at all times any and all alleged delinquency and/or default was caused by the conduct of the Defendant in failing to properly credit the account of the Plaintiffs for payments timely and duly made in accordance with the terms of the debt instrument, and/or improperly charging the Plaintiffs for taxes previously made by the Plaintiffs, and/or improperly creating escrow and/or suspense accounts and failing to correctly manage the same;

c. Misrepresenting and deceiving the Plaintiffs into believing that all errors in the crediting of payments and advancing of taxes, insurance and/or other costs would be immediately adjusted and corrected, yet failing to take the necessary action to do so;

d. Improperly assessing and charging the Plaintiffs for late fees, interest and other penalties when at all times the Defendant knew or should and could have known that such charges were inappropriate in light of payments timely and duly made in accordance with the terms of the debt instrument;

e. Failing to advise the Plaintiffs via monthly statements containing, among other things, information on payments currently due and previously made, fees imposed, transaction activity, application of past payments, contact information for the servicer and housing counselors, and, where

Case# 2017-07239-0 - JUDGE:35 Received at County of Bucks Prothonotary Office on 11/09/2017 11:28 AM, Fee = $250.25

applicable, information regarding correction of contested delinquencies and charges

f. Failing to establish or make good faith efforts to establish live contact with the Plaintiffs by the 36th day of the alleged delinquency and promptly inform the Plaintiffs, where appropriate, that loss mitigation options may be available. In addition, failing to provide the Plaintiffs a written notice with information about loss mitigation options by the 45th day of his alleged delinquency – thereby deceiving the Plaintiffs that their loan was current and in good standing;

3. Alternatively, and or additionally, Defendant engaged in acts of omission, including but not limited to knowing concealment, suppression in omissions of material facts in connection with the subject loan balance.

4. As a direct and proximate result of the aforesaid, the Plaintiffs loan was wrongfully alleged to be in default and Defendant has wrongfully threatened foreclosure, all of which has caused the Plaintiffs severe financial, physical and emotional damage and loss.

**WHEREFORE,** the Plaintiffs demand judgment against Defendant for damages, interests and costs of suit including:

a. Punitive and/or treble damages;

b. Damages as permitted by statute;

c. Counsel fees;

d. All other relief this Court deems necessary and just.

Case# 2017-07239-0 - JUDGE:35 Received at County of Bucks Prothonotary Office on 11/09/2017 11:28 AM, Fee = $250.25

## COUNT TWO

**Violations of the Truth-in-Lending Act and**

**the Real Estate Settlement and Procedures Act**

5. Plaintiffs hereby incorporate by reference all preceding paragraphs as if set forth at length herein.

6. The transactions alleged in Background is a consumer transaction that involved the Defendant as a creditor lending money to the Plaintiff.

7. At all times relevant Defendant was a creditor under the Federal Truth-in-Lending Act 15 U.S.C.A. § 1601 et. seq. (TILA);

8. At all times relevant and material hereto Defendant was required to provide a periodic statement for each billing cycle containing, among other things, information on payments currently due and previously made, fees imposed, transaction activity, application of past payments, contact information for the servicer and housing counselors, and, where applicable, information regarding delinquencies.

9. Despite this requirement the Defendant failed to provide any statements to the Plaintiff thereby deceiving the Plaintiffs that their loan was current and in good standing;

10. At all times relevant and material hereto Defendant was required to establish or make good faith efforts to establish live contact with the Plaintiffs by the 36th day of their alleged delinquency and promptly inform the Plaintiffs, where appropriate, that loss mitigation options may be available., and to provide the Plaintiffs a written notice with information about loss mitigation options by the 45th day of their alleged delinquency;

Case# 2017-07239-0 - JUDGE:35 Received at County of Bucks Prothonotary Office on 11/09/2017 11:28 AM, Fee = $250.25

11. Despite this requirement the Defendant failed to make any such live contact with and failed to provide any such notice to the Plaintiffs thereby deceiving the Plaintiffs that their loan was current and in good standing;

12. At all times relevant and material hereto the Defendant violated the mandates of **PART 1024—REAL ESTATE SETTLEMENT PROCEDURES ACT**, specifically, but not by way of limitation, § **1024.17** - requiring the maintaining of an accurate escrow account balance and responding to inquiries from the Plaintiffs.

13. As a direct and proximate result of the aforesaid, the Plaintiffs' loan was wrongfully alleged to be in default and Defendant has wrongfully threatened foreclosure, all of which has caused the Plaintiffs severe financial, physical and emotional damage and loss.

**WHEREFORE,** the Plaintiffs demand judgment against Defendant for damages, interests and costs of suit including:

a. Punitive and/or treble damages;

b. Damages as permitted by statute;

c. Counsel fees;

d. All other relief this Court deems necessary and just.

## COUNT THREE

### Fair Debt Collection Practices Act

14. Plaintiffs hereby incorporate by reference all preceding paragraphs as if set forth at length herein.

Case# 2017-07239-0 - JUDGE:35 Received at County of Bucks Prothonotary Office on 11/09/2017 11:28 AM, Fee = $250.25

15. Defendant has not provided Plaintiffs with accurate periodic statements, an accounting, payoff and reinstatement or debt verification, and/ or other information as was requested according to the Fair Debt Collection Practices act, 15 U.S.C. § 1601, et. seq.

16. At all times relevant and material hereto the Defendant has repetitively violated 15 U.S.C. § 1692f by collecting an amount from the Plaintiffs that was alleged not to be expressly authorized by agreement or permitted by law.

17. At all times relevant and material hereto the Defendant has repetitively violated 15 U.S.C. § 1692g by failing to provide the Plaintiffs with proper validation of debts.

18. As a direct result of the Defendant's failure to abide by the Fair Debt Collection Practices Act, the Plaintiffs were deceptively led to believe that their loan was current and in good standing, and/or that all errors regarding the application of payments received but not credited would be corrected

19. As a direct and proximate result of the aforesaid, the Plaintiffs' loan was wrongfully alleged to be in default and Defendant has wrongfully threatened foreclosure, all of which has caused the Plaintiffs severe financial, physical and emotional damage and loss.

**WHEREFORE,** the Plaintiffs demand judgment against Defendant for damages, interests and costs of suit including:

a. Punitive and/or treble damages;

b. Damages as permitted by statute;

c. Counsel fees;

d. All other relief this Court deems necessary and just.

Case# 2017-07239-0 - JUDGE:35 Received at County of Bucks Prothonotary Office on 11/09/2017 11:28 AM, Fee = $250.25

## COUNT FOUR

**Violation of Pennsylvania Unfair Trade Practices and Consumer Protection Law (UTPCPL), 73 Pa. CS 201-1 et seq;**

20. Plaintiffs hereby incorporate by reference all preceding paragraphs as if set forth at length herein.

21. At all times relevant and material hereto the Plaintiffs were consumers of the Defendant's goods and services and as such the conduct of the Defendant and the transaction was governed by the **Pennsylvania Unfair Trade Practices and Consumer Protection Law (UTPCPL), 73 Pa. CS 201-1 et seq.;**

22. At all times relevant and material hereto the Defendant did violate **the Pennsylvania Unfair Trade Practices and Consumer Protection Law (UTPCPL), 73 Pa. CS 201-1 et seq.;** by engaging in deceptive and fraudulent practices, to wit:

    a. Failed to properly credit the account of the Plaintiff for payments timely and duly made in accordance with the terms of the debt instrument;

    b. Alleging that Plaintiffs were in default and/or otherwise delinquent on his debt, when at all times any and all alleged delinquency and/or default was caused by the conduct of the Defendant in failing to properly credit the account of the Plaintiffs for payments timely and duly made in accordance with the terms of the debt instrument, and/or improperly charging the Plaintiffs for taxes previously made by the Plaintiffs, and/or improperly creating escrow and/or suspense accounts and failing to correctly manage the same;

Case# 2017-07239-0 - JUDGE:35 Received at County of Bucks Prothonotary Office on 11/09/2017 11:28 AM, Fee = $250.25

c. Misrepresenting and deceiving the Plaintiffs into believing that all errors in the crediting of payments made would be immediately adjusted and corrected, yet failing to take the necessary action to do so;

d. Improperly assessing and charging the Plaintiffs for late fees, interest and other penalties when at all times the Defendant knew or should and could have known that such charges were inappropriate in light of payments timely and duly made in accordance with the terms of the debt instrument;

e. Failing to advise the Plaintiffs via monthly statements containing, among other things, information on payments currently due and previously made, fees imposed, transaction activity, application of past payments, contact information for the servicer and housing counselors, and, where applicable, information regarding correction of contested delinquencies and charges

f. Failing to establish or make good faith efforts to establish live contact with the Plaintiffs by the 36th day of his alleged delinquency and promptly inform the Plaintiff, where appropriate, that loss mitigation options may be available. In addition, failing to provide the Plaintiffs a written notice with information about loss mitigation options by the 45th day of his alleged delinquency – thereby deceiving the Plaintiffs that their loan was current and in good standing;

g. Failing to establish or make good faith efforts to establish live contact with the Plaintiffs by the 36th day of their alleged delinquency and promptly inform the Plaintiffs, where appropriate, that loss mitigation options may

Case# 2017-07239-0 - JUDGE:35 Received at County of Bucks Prothonotary Office on 11/09/2017 11:28 AM, Fee = $250.25

be available. In addition, failing to provide the Plaintiffs a written notice with information about loss mitigation options by the 45th day of their alleged delinquency – thereby deceiving the Plaintiffs that their loan was current and in good standing;

h. Otherwise violating the Truth in Lending and Real Estate Settlement and Procedures Acts as hereinbefore set forth;

i. Otherwise violating the Fair Debt Collection Practices Act as hereinbefore set forth;

23. The actions of the Defendant were performed in direct contradiction to its promises to provide superior and legal loan servicing, but instead were performed for their own financial self-interests, in detriment to the rights and position of the Plaintiffs.

24. As a direct and proximate result of the aforesaid, the Plaintiffs' loan was wrongfully alleged to be in default and Defendant has wrongfully threatened foreclosure, all of which has caused the Plaintiffs severe financial, physical and emotional damage and loss.

**WHEREFORE,** the Plaintiffs demands judgment against Defendant for damages, interests and costs of suit including:

a. Punitive and/or treble damages;

b. Damages as permitted by statute;

c. Counsel fees;

d. All other relief this Court deems necessary and just.

Case# 2017-07239-0 - JUDGE:35 Received at County of Bucks Prothonotary Office on 11/09/2017 11:28 AM, Fee = $250.25

**COUNT FIVE**

**Breach of Contract**

25. Plaintiffs hereby incorporate by reference all preceding paragraphs as if set forth at length herein.

26. At all times relevant and material hereto the Defendant did breach the contractual terms of the loan/note by engaging in intentional, deceptive and fraudulent practices as hereinbefore set forth.

27. At all times relevant and material hereto the Defendant did breach their agreement and representations to provide affordable Modification designed to cure all past errors as hereinbefore set forth and allow the Plaintiffs to maintain their home;

28. At all times relevant and material hereto the Defendant did repetitively breach the covenant of good faith and fair dealing by engaging in intentional, deceptive and fraudulent practices as hereinbefore set forth.

**WHEREFORE,** the Plaintiffs demands judgment against Defendant for damages, interests and costs of suit including:

a. Punitive and/or treble damages;

b. Damages as permitted by statute;

c. Counsel fees;

d. All other relief this Court deems necessary and just.

Case# 2017-07239-0 - JUDGE:35 Received at County of Bucks Prothonotary Office on 11/09/2017 11:28 AM, Fee = $250.25

**COUNT SIX**

**DEFAMATION**

29. Plaintiffs hereby incorporate by reference all preceding allegations as if fully set forth at length herein.

30. At all times relevant herein, Defendant has published statements both orally and through writing to various credit reporting agencies, collection agencies, and/or attorneys that are false and negative representations concerning Plaintiffs' credit information and history.

31. At a minimum, Defendant has published these statements each time Plaintiffs has reached out to Defendant and each time other credit reporting agencies reached out to Defendant and each time a credit reporting agency has reinvestigated any dispute raised by Plaintiffs, including but not limited to, the disputes identified herein.

32. The statements made by Defendant are false, as Plaintiffs never actually defaulted on any debt that they owed to Defendant.

33. Defendant has published these statements to a number of credit reporting agencies, including the three major credit bureaus.

34. Defendant knew, or should have known, that the statements that they made, going back to 2014 and continuing up to present were false when made and that it had no factual basis for making the statements that it did, as Plaintiff had notified Defendant that the statements were false for the aforementioned reasons and, nevertheless, Defendant continue to publish such statements up to and through the present time.

35. The written statements and publications are libel per se.

36. The oral statements and publications are slander per se.

Case# 2017-07239-0 - JUDGE:35 Received at County of Bucks Prothonotary Office on 11/09/2017 11:28 AM, Fee = $250.25

37. In addition, and despite the repeated notices from Plaintiffs, Defendant has acted with malice by failing to communicate the information provided to it by Plaintiffs to credit reporting agencies when responding to the reinvestigation attempts of such credit reporting agencies.

38. The conduct of Defendant, dating back to 2014 and continuing repetitively up to present, were a direct and proximate cause, as well as a substantial factor, in bringing about the serious injuries, damages, and harm to Plaintiffs that are outlined more fully above and, as a result, Defendant is liable to compensate Plaintiffs for the full amount of actual, compensatory, and punitive damages, as well as other such relief, as permitted by law.

**WHEREFORE,** the Plaintiffs demand judgment against Defendant for damages, interests and costs of suit including:

a. Punitive and/or treble damages;

b. Damages as permitted by statute;

c. Counsel fees;

d. All other relief this Court deems necessary and just.

Dated: November 9, 2017

Thomas Masciocchi, Esquire
Keaveney Legal Group
PA Attorney ID# 43755
1650 Market Street, Suite 3600
Philadelphia PA 19103
Tel. (800) 219-0931
Attorney for Plaintiffs

Case# 2017-07239-0 - JUDGE:35 Received at County of Bucks Prothonotary Office on 11/09/2017 11:28 AM, Fee = $250.25

# EXHIBIT B

**IN THE COURT OF COMMON PLEAS OF BUCKS COUNTY, PENNSYLVANIA**

GRACE GERNHART and RONALD GERNHARD JR.,

Plaintiffs,

v.

SPECIALIZED LOAN SERVING LLC a/k/a SLS MORTGAGE

Defendant.

CIVIL ACTION:

No. 2017-07239

**NOTICE OF FILING NOTICE OF REMOVAL**

TO THE PROTHONOTARY:

PLEASE TAKE NOTICE that defendant Specialized Loan Servicing LLC a/k/a SLS Mortgage ("SLS") has removed this case to the United States District Court for the Eastern District of Pennsylvania. Pursuant to 28 U.S.C. § 1446(d), "the State court shall proceed no further unless and until the case is remanded." A copy of the Notice of Removal filed in the United States District Court, without exhibits, is attached as Exhibit 1.

Dated: June 1, 2018

Respectfully submitted,

MEdwards

Daniel JT McKenna, Esq.
mckennad@ballardspahr.com
Marissa Edwards, Esq.
edwardsm@ballardspahr.com
BALLARD SPAHR LLP
1735 Market Street, 51st Floor
Philadelphia, PA 19103-7599
T: 215.864-8164
F: 215.864.8999
*Attorneys for Defendant, Specialized Loan Servicing*

**CERTIFICATE OF SERVICE**

I hereby certify that on June 1, 2018, I caused copies of the foregoing Notice of Filing Notice of Removal to be served by ECF and first class mail, postage prepaid, upon the following:

Thomas G. Masciocchi, Esq.
Keaveney Legal Group, LLC
1650 Market Street, Suite 3600
Philadelphia, PA 19103

*Attorneys for Plaintiff*

MEdwards
Marissa Edwards

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

## CASE MANAGEMENT TRACK DESIGNATION FORM

GRACE GERNHART and RONALD GERNHART JR : CIVIL ACTION

v. :

SPECIALIZED LOAN SERVICING LLC a/k/a SLS MORTGAGE : NO.

In accordance with the Civil Justice Expense and Delay Reduction Plan of this court, counsel for plaintiff shall complete a Case Management Track Designation Form in all civil cases at the time of filing the complaint and serve a copy on all defendants. (See § 1:03 of the plan set forth on the reverse side of this form.) In the event that a defendant does not agree with the plaintiff regarding said designation, that defendant shall, with its first appearance, submit to the clerk of court and serve on the plaintiff and all other parties, a Case Management Track Designation Form specifying the track to which that defendant believes the case should be assigned.

**SELECT ONE OF THE FOLLOWING CASE MANAGEMENT TRACKS:**

(a) Habeas Corpus – Cases brought under 28 U.S.C. § 2241 through § 2255. ( )

(b) Social Security – Cases requesting review of a decision of the Secretary of Health and Human Services denying plaintiff Social Security Benefits. ( )

(c) Arbitration – Cases required to be designated for arbitration under Local Civil Rule 53.2. ( )

(d) Asbestos – Cases involving claims for personal injury or property damage from exposure to asbestos. ( )

(e) Special Management – Cases that do not fall into tracks (a) through (d) that are commonly referred to as complex and that need special or intense management by the court. (See reverse side of this form for a detailed explanation of special management cases.) ( )

(f) Standard Management – Cases that do not fall into any one of the other tracks. ( x )

| 6-1-2018 | MEdwards | SPECIALIZED LOAN SERVICING LLC |
|---|---|---|
| **Date** | **Attorney-at-law** | **Attorney for** |
| 215-864-8164 | 215-864-8999 | edwardsm@ballardspahr.com |
| **Telephone** | **FAX Number** | **E-Mail Address** |

(Civ. 660) 10/02

# UNITED STATES DISTRICT COURT

**FOR THE EASTERN DISTRICT OF PENNSYLVANIA — DESIGNATION FORM to be used by counsel to indicate the category of the case for the purpose of assignment to appropriate calendar.**

Address of Plaintiff: 43 Petunia Rd., Levittown PA 19056

Address of Defendant: 8742 Lucent Boulevard, Highland Ranch, CO 80129

Place of Accident, Incident or Transaction: N/A

*(Use Reverse Side For Additional Space)*

Does this civil action involve a nongovernmental corporate party with any parent corporation and any publicly held corporation owning 10% or more of its stock?
(Attach two copies of the Disclosure Statement Form in accordance with Fed.R.Civ.P. 7.1(a)) Yes ☒ No ☐

Does this case involve multidistrict litigation possibilities? Yes ☐ No ☒

*RELATED CASE, IF ANY:*
Case Number: ______ Judge ______ Date Terminated: ______

Civil cases are deemed related when yes is answered to any of the following questions:

1. Is this case related to property included in an earlier numbered suit pending or within one year previously terminated action in this court? Yes ☐ No ☒
2. Does this case involve the same issue of fact or grow out of the same transaction as a prior suit pending or within one year previously terminated action in this court? Yes ☐ No ☒
3. Does this case involve the validity or infringement of a patent already in suit or any earlier numbered case pending or within one year previously terminated action in this court? Yes ☐ No ☒
4. Is this case a second or successive habeas corpus, social security appeal, or pro se civil rights case filed by the same individual? Yes ☐ No ☒

CIVIL: (Place ✔ in ONE CATEGORY ONLY)

A. *Federal Question Cases:*

1. ☐ Indemnity Contract, Marine Contract, and All Other Contracts
2. ☐ FELA
3. ☐ Jones Act-Personal Injury
4. ☐ Antitrust
5. ☐ Patent
6. ☐ Labor-Management Relations
7. ☐ Civil Rights
8. ☐ Habeas Corpus
9. ☐ Securities Act(s) Cases
10. ☐ Social Security Review Cases
11. ☒ All other Federal Question Cases
(Please specify) Consumer Credit- FDCPA, TILA, RESPA, etc.

B. *Diversity Jurisdiction Cases:*

1. ☐ Insurance Contract and Other Contracts
2. ☐ Airplane Personal Injury
3. ☐ Assault, Defamation
4. ☐ Marine Personal Injury
5. ☐ Motor Vehicle Personal Injury
6. ☐ Other Personal Injury (Please specify)
7. ☐ Products Liability
8. ☐ Products Liability — Asbestos
9. ☐ All other Diversity Cases
(Please specify) ______

## ARBITRATION CERTIFICATION

*(Check Appropriate Category)*

I, ______, counsel of record do hereby certify:

☐ Pursuant to Local Civil Rule 53.2, Section 3(c)(2), that to the best of my knowledge and belief, the damages recoverable in this civil action case exceed the sum of $150,000.00 exclusive of interest and costs;

☐ Relief other than monetary damages is sought.

**DATE:** ______ ______ Attorney-at-Law ______ Attorney I.D.#

**NOTE:** A trial de novo will be a trial by jury only if there has been compliance with F.R.C.P. 38.

**I certify that, to my knowledge, the within case is not related to any case now pending or within one year previously terminated action in this court except as noted above.**

DATE: 6-1-2018 M Edwards Attorney-at-Law 31675 Attorney I.D.#

CIV. 609 (5/2012)

**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| GRACE GERNHART and RONALD GERNHART JR., Plaintiffs, | CIVIL ACTION: |
| v. | No. |
| SPECIALIZED LOAN SERVICING LLC a/k/a SLS MORTGAGE Defendant. | |

**DISCLOSURE STATEMENT FORM**

Please check one box:

☐ The nongovernmental corporate party, ________________, in the above listed civil action does not have any parent corporation and publicly held corporation that owns 10% or more of its stock.

☒ The nongovernmental corporate party, Specialized Loan Servicing, LLC ("SLS"), in the above listed civil action has the following parent corporation(s) and publicly held corporation(s) that owns 10% or more of its stock:

SLS is wholly owned by Specialized Loan Servicing Holdings LLC, a company whose ultimate parent is Computershare Limited, a public company traded on the Australian Stock Exchange (ASX:CPU). There is no publicly traded corporation that owns 10 percent or more of the common stock of Computershare Limited.

Dated: June 1, 2018

Respectfully submitted,

MEdwards

Daniel JT McKenna, Esq.
Marissa Edwards, Esq
BALLARD SPAHR LLP
1735 Market Street, 51st Floor
Philadelphia, PA 19103-7599
T: 215.864-8164
F: 215.864.8999
*Attorneys for Defendant,*
*Specialized Loan Servicing*

**CERTIFICATE OF SERVICE**

I hereby certify that on June 1, 2018, I caused copies of the foregoing Disclosure Statement to be served by first class mail, postage prepaid, upon the following:

Thomas G. Masciocchi, Esq.
Keaveney Legal Group, LLC
1650 Market Street, Suite 3600
Philadelphia, PA 19103

*Attorneys for Plaintiff*

MEdwards
Marissa Edwards